UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW R.D. SCHLEY,<br><br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 2:26-cv-02740-JCC<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 5) |

This matter comes before the Court on the Honorable John C. Coughenour's denial (Dkt. No. 5) of Petitioner's motion seeking his recusal (Dkt. No. 4.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Coughenour's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Petitioner has filed a motion to vacate, set aside, or correct a sentence previously imposed pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) Petitioner asserts Judge Coughenour has a conflict of interest in this case because Petitioner's § 2255 petition alleges Judge Coughenour erred during Petitioner's sentencing. (Dkt. Nos. 1 at 9; 4 at 1.) To the extent Plaintiff disagrees with Judge Coughenour's sentencing determination, this prior adverse ruling is not sufficient to show bias; rather, "prejudice must result from an extrajudicial source." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984); *see also United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978) (there is "no merit to [] claim[s] of bias based on adverse rulings").

Moreover, Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2019) identifies that the "clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence, or if the judge who imposed the sentence was not the trial judge, to the judge who conducted the proceedings being challenged." *See also Gano v. United States*, 705 F.2d 1136, 1137 (9th Cir. 1983) ("[o]rdinarily section 2255 motions should be presented to the original sentencing judge"). Judge Coughenour therefore is the appropriate judge to hear the § 2255 motion.

Petitioner does not allege any bias on Judge Coughenour's part, and the Court finds no evidence that would lead a reasonable person to question Judge Coughenour's impartiality. Accordingly, Court AFFIRMS Judge Coughenour's denial (Dkt. No. 5) of Petitioner's motion for recusal (Dkt. No. 4.)

Dated this 26th day of August, 2026.

David G. Estudillo
Chief United States District Judge