THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW RD SCHLEY,<br><br>Plaintiff-Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant-Respondent. | CASE NO. C26-2740-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

Plaintiff-Petitioner recently moved for the undersigned's removal, (Dkt. No. 4), which the Court declined to voluntarily do. (*See* Dkt. No. 5.) It then referred the request to the Honorable David G. Estudillo, Chief Judge, for further consideration. (*Id.*) Chief Judge Estudillo just affirmed the decision. (*See* Dkt. No. 7.) Thus, the Court now separately addresses Plaintiff-Petitioner's request for appointed counsel, as contained in the same motion. While brief, it "formally request[ed that Petitioner] be represented by legal counsel and [] have one appointed to me." (Dkt. No. 4 at 1.) It provided no further explanation or justification for the request. (*See generally id.*)

In general, § 2255 Petitioners do not have a right to appointed counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958), *cert. denied*, 358 U.S. 889, 79 S. Ct. 131 (1958). This

is true unless "the interest of justice so require[s]" appointment, such as for an evidentiary hearing. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986); *see Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988) (instructing district court to appoint counsel if an evidentiary hearing "might be required"). And Plaintiff-Petitioner has not put forward facts or circumstances to satisfy the Court that the interests of justice are best served by appointment of counsel at this juncture. A mere assertion, for example, that one *desires* appointed counsel is insufficient to merit doing so.

Plaintiff-Petitioner may renew his request for counsel if the Court determines that an evidentiary hearing is appropriate, or if Plaintiff-Petitioner can otherwise demonstrate the interests of justice so require. But for now, the Court sees nothing to justify doing so.

DATED this 27th day of August 2026.

Joshua C. Lewis
Clerk of Court

s/Kathleen Albert
Deputy Clerk